```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                      Criminal Action No.
             Plaintiff,               1:24-cr-00121-CRC-1
                                      Monday, June 3, 2024
v.                                    2:05 p.m.

STEPHEN MICHAEL BAKER,

             Defendant.
- - - - - - - - - - - - - - - - x
_____

               TRANSCRIPT OF STATUS CONFERENCE
       HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                 UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

For the United States:      ADAM MICHAEL DREHER, ESQ.
                            UNITED STATES ATTORNEY'S OFFICE
                            Capitol Siege
                            601 D Street, NW
                            Washington, DC 20530
                            (202) 252-1706
                            adam.dreher@usdoj.gov


For the Defendant:          WILLIAM LEE SHIPLEY, JR., ESQ.
                            LAW OFFICES OF WILLIAM L. SHIPLEY
                            PO Box 745
                            Kailua, HI 96734
                            (808) 228-1341
                            808Shipleylaw@gmail.com

                            BRADFORD L GEYER, ESQ.
                            FORMERFEDSGROUP.COM LCC
                            141 I Route 130 South, Suite 303
                            Cinnaminson, NJ 08077
                            (856) 607-5708
                            bradford.geyer@formerfedsgroup.com

(CONTINUED ON NEXT PAGE)
```

```
 1     APPEARANCES (CONTINUED):

 2     For the Defendant:        EDWARD L. TARPLEY, JR., ESQ.
                                 EDWARD L. TARPLEY, JR.,
 3                               ATTORNEY AT LAW
                                 819 Johnston Street
 4                               Alexandria, LA 71301
                                 (318) 487-1460
 5                               edwardtarpley@att.net

 6     For the Defendant:        JAMES LEE BRIGHT, ESQ.
                                 JAMES LEE BRIGHT
 7                               3300 Oak Lawn Avenue, Suite 700
                                 Dallas, TX 75219
 8                               (214) 720-7777
                                 jlbrightlaw@gmail.com
 9

10     Court Reporter:           Lisa A. Moreira, RDR, CRR
                                 Official Court Reporter
11                               U.S. Courthouse, Room 6718
                                 333 Constitution Avenue, NW
12                               Washington, DC  20001
                                 (202) 354-3187
13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                     P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Your Honor, we are on the
 3     record for Criminal Case 24-121, United States of America v.
 4     Stephen Michael Baker.
 5              Counsel, please identify yourselves for the record
 6     starting with the government.
 7              MR. DREHER:  Good afternoon, Your Honor; Adam
 8     Dreher on behalf of the United States.
 9              THE COURT:  Good afternoon, Mr. Dreher.
10              MR. SHIPLEY:  Good afternoon, Your Honor; William
11     Shipley on behalf of defendant Stephen Baker, who is present
12     via Zoom teleconference, and he waives his right to personal
13     appearance and consents to appear in this fashion today.
14              THE COURT:  Okay.  Good afternoon, Mr. Shipley.
15              Is that correct, Mr. Baker?  You consent to
16     appearing by video this afternoon?
17              THE DEFENDANT:  Yes, Your Honor.
18              THE COURT:  And you can see and hear me okay?
19              THE DEFENDANT:  Yes, sir.
20              THE COURT:  All right.  Who else you got with you,
21     Mr. Shipley?
22              MR. SHIPLEY:  Your Honor, we have co-counsel James
23     Bright; co-counsel Ed Tarpley; and co-counsel Brad Geyer.
24              MR. GEYER:  Good afternoon, Your Honor.
25              THE COURT:  Good afternoon, gentlemen.
```

1       And I see Ms. Harden from Pretrial Services; is
2  that correct?
3       PRETRIAL OFFICER HARDEN:  Good afternoon, Your
4  Honor; that is correct.  Also joining me is Officer Bryson
5  Karbley in North Carolina.
6       THE COURT:  Good to see you, Ms. Harden.
7       Welcome, Mr. Karbley.  Thank you for helping us
8  out.  Obviously we wouldn't be able to handle all these
9  January 6th cases without the able assistance of pretrial
10 services and probation offices throughout the country, so
11 thanks for helping us, and I hope we're not taking you away
12 from something more important out in the field.
13      PRETRIAL OFFICER KARBLEY:  Of course, Your Honor.
14 Not at all.  There's nothing more important than attending
15 court.
16      THE COURT:  Right answer.
17      Mr. Dreher, we were here a month or so ago maybe.
18 Things were progressing.  What's the status of the case?
19      MR. DREHER:  Yes, Your Honor.  Since our last
20 hearing there was a protective order that was entered in
21 this case.  Following the entry of that order, the
22 government was able to provide full discovery to the
23 defense.
24      I want to point out that on Friday my office did
25 prepare a new global discovery notice that I have not yet

```
 1    sent out to counsel in this case; however, I do --
 2            THE COURT:  I'm sorry, I'm having a little bit of
 3    a hard time hearing you.  You're a little muffled.  A global
 4    discovery what?  Module?
 5            MR. DREHER:  Production, Your Honor.
 6            THE COURT:  Okay.
 7            MR. DREHER:  For the notice itself, I have not yet
 8    had a chance to send it out to counsel in this case, but I
 9    do expect that that will be provided before the end of
10    today.  And that would be the completion of discovery for
11    this case.
12            THE COURT:  Okay.  So I take it we're -- have
13    there been any plea discussions at all, or is that off the
14    table?
15            MR. DREHER:  There have been no plea discussions,
16    Your Honor.
17            THE COURT:  Okay.  And so, Mr. Dreher, do you
18    recommend we set a trial date, or are we still too early in
19    the discovery process?
20            MR. DREHER:  I believe the government would be
21    ready for a trial date at the Court's schedule, Your Honor.
22            THE COURT:  Okay.  Have you gentlemen spoken about
23    that?  Come up with available dates?
24            MR. DREHER:  No, Your Honor.
25            THE COURT:  Okay.
```

```
1              All right.  We've been at this for three months or
2    so, the information came in.  It's misdemeanors.  All the
3    specific discovery has been provided.  Sometime in the fall,
4    Mr. Shipley?
5              MR. SHIPLEY:  Your Honor, you know, we do need to
6    have a round of motions, dispositive and trial related.  I'm
7    not averse to setting a trial date, but because I have a
8    month-long trial in Hawaii in October I really can't get
9    into anything until after Thanksgiving.
10             THE COURT:  Who is your trial with in October?
11             MR. SHIPLEY:  It's in Hawaii with Judge Smith,
12   Micah Smith.
13             THE COURT:  Federal court?
14             MR. SHIPLEY:  Yes, sir, four-defendant multi-count
15   fraud case.
16             THE COURT:  Okay.  We may go ahead and set
17   something with a pretrial schedule, so especially,
18   Mr. Shipley, if you're telling me you've got all these
19   motions, I'd like to get them in sooner rather than later
20   and move this thing along.  Okay?
21             I won't hold you to it, but give me a sense of
22   what motions you plan on filing.
23             MR. SHIPLEY:  Your Honor, it's likely to be, you
24   know, the standard.  You know, we'll address the 1752 on
25   some of the grounds that have been raised in other cases.  I
```

1       don't know that it will be anything complicated.
2                THE COURT:  Anything I haven't seen before or we
3       haven't seen before?
4                MR. SHIPLEY:  Unlikely.
5                THE COURT:  Okay, thanks.
6                MR. SHIPLEY:  We are still evaluating a motion for
7       selective prosecution on the press identification issue, but
8       I don't think we're far enough along to, you know, advise
9       the Court if we will file that and in what manner it will
10      take and how complicated it will be.
11               You know, there has been a little bit -- I want to
12      put this on the table.  There's been a little bit of delay
13      in the production of the discovery; however, that's on me.
14      I was tardy getting the protective order back to the
15      government, and that's really, I think, the only thing
16      Mr. Dreher was waiting for.  So we lost a couple of weeks
17      there while he was waiting for me, and that's my fault.
18               THE COURT:  Okay.
19               All right.  Should we set a placeholder?
20               Well, actually, if we enter a pretrial order, it
21      will have some interim deadlines in there.  So since we're
22      going to set a trial date, I don't see the need for a
23      placeholder status.  If there's anything that you need me to
24      rule on or you need my attention, you certainly can contact
25      us, and we'll set something up, if we feel it's warranted.

1      All right?
2              So any objection to tolling speedy trial between
3      now and the pretrial motions deadline, Mr. Shipley?
4              MR. SHIPLEY:  No objection, Your Honor.
5              THE COURT:  Okay.  The Court will enter a pretrial
6      order that will have some interim deadlines and will toll
7      the time between now and then -- or between now and the
8      pretrial conference from the otherwise speedy trial
9      calculations in the interests of justice to enable the
10     defense to file its pretrial motions and for the discovery
11     process to play out, and that order will be forthcoming.
12             All right.  Anything else on the status before we
13     get to the motion for reconsideration that was filed last
14     week?
15             MR. SHIPLEY:  Nothing as to status, Your Honor.
16             THE COURT:  Okay.  Mr. Dreher?
17             MR. DREHER:  Nothing further from the government,
18     Your Honor.
19             THE COURT:  Okay.  The Court has received a motion
20     from Mr. Baker to reconsider the Court's minute order on his
21     original motion to modify the terms and conditions of his
22     pretrial release.
23             I guess my first question, Mr. Shipley:  Is there
24     any reason or any good reason, I should say, why this was
25     filed close to midnight on a Friday night before the Monday

1    status where this was to be discussed and we needed to get
2    Pretrial Services' position and the government's position on
3    your motion?
4              MR. SHIPLEY:  Your Honor, I understand your
5    inquiry, and I apologize.  I actually expected that we would
6    not take it up today for that very reason, to give the
7    government an opportunity to respond.
8              It was not intentional.  I'll just -- I'll say it
9    for the record for the world to hear.  I'm in Hawaii dealing
10   with squatters who had come into my house here and stole my
11   car from the front of my house.  I've been dealing with the
12   fallout of that for a week, and it just got me sideways on
13   lots of things I wanted to do last week.  I hoped to get
14   that motion to the Court much earlier in the week and
15   discuss it with Mr. Dreher, and I was just unable to do so.
16             So that's completely on me, and if the Court
17   wishes to hold off on this, you know, I understand.
18             THE COURT:  Okay.  Well, you made some
19   representations in the motion about the position of Pretrial
20   Services in, I guess, Durham as well as -- well, in the
21   motion we based it in part on the position of our Pretrial
22   Services office here.
23             Ms. Harden, we did not speak about the matter, but
24   I believe you informed my law clerk, in connection with the
25   motion, that it was the standard policy here in the District

1    to impose that firearms condition on pretrial defendants in
2    part out of a concern for the protection of any Pretrial
3    Services officers that might have to go to a defendant's
4    house, interact with the defendant.
5              Is that a fair summary of the agency's position
6    here, Ms. Harden?
7              PRETRIAL OFFICER HARDEN:  Yes, Your Honor, that is
8    correct.
9              THE COURT:  And you conveyed that to chambers.  Is
10   that fair?
11             PRETRIAL OFFICER HARDEN:  Yes, I did.  That is
12   correct, Your Honor.
13             THE COURT:  Okay.  Anything you want to add?
14             That is a standard condition of all pretrial
15   defendants in this jurisdiction.  Am I mistaken about that?
16             PRETRIAL OFFICER HARDEN:  No, you are correct,
17   Your Honor.
18             THE COURT:  Okay.  And Courts have waived it in
19   the past for specific reasons, but generally speaking that
20   condition is pro forma in this district.  Is that fair?
21             PRETRIAL OFFICER HARDEN:  That's correct.
22             THE COURT:  Okay.  Now, there was representation
23   made in the motion that -- Mr. Karbley, that you did not
24   believe that a firearms condition or at least the condition
25   that is currently ordered was warranted in this case.  Is

1       that correct, or is that not correct?
2                   PRETRIAL OFFICER KARBLEY:  Your Honor, that is
3       misrepresented.  Mr. Baker and I had a phone call on May
4       24th where he had asked me if I perceived him as a threat,
5       and I made a quick judgment and told him no, I did not
6       perceive him as a threat.  And he asked if he could put that
7       in a motion to the Court about him not being a threat, and I
8       said yes, that he could.
9                   I asked what his intent was with this motion
10      stating that he wouldn't be allowed to have firearms in his
11      home.  But he stated that he was attempting to have firearms
12      traveling for work, and I believe our conversation ended
13      there.  So I did not clarify with him clearly that either
14      way I could not support him possessing those firearms
15      because of purely officer safety risk like Ms. Harden was
16      stating.
17                  But I did contact Mr. Bright on May 29th, last
18      week, and let him know.  I clarified again with him that
19      under no circumstance would we support Mr. Baker possessing
20      a firearm.
21                  THE COURT:  Okay.  Now, I have waived that
22      provision in other cases, and so I don't want you to take
23      that position because of what position you think I take,
24      okay.  I want you to tell me independently, does your office
25      and do you personally support the maintenance of that

1       firearm condition?
2              PRETRIAL OFFICER KARBLEY:  We have no reason to
3       waive it, Your Honor.
4              THE COURT:  Okay.  Thank you.
5              All right.  Mr. Dreher, would you like to respond
6       to the motion, or -- do you want to do it in writing?  Do
7       you want to do it here?  What's your view?
8              MR. DREHER:  The government's response is really
9       going to be more the procedural, I guess, arguments against
10      a motion for reconsideration.  I understand other courts in
11      this district have followed the civil rules in terms of
12      motions for reconsideration requiring either an intervening
13      change of law or some other material difference in the
14      facts, and the government's response, if in writing, would
15      likely be the Court got it right, the facts have not
16      changed, and neither has the law.
17             So certainly the government would ask that the
18      Court deny the motion for reconsideration.
19             THE COURT:  Okay.  Anything to add, Mr. Shipley?
20             MR. SHIPLEY:  Just to clarify, Your Honor, our
21      request at this point is only that he be allowed to carry a
22      firearm when he travels, not at his home where he might be
23      visited.  So to the extent that is the basis of the safety
24      consideration from Pretrial Services, we acknowledge that
25      and at this point are not asking for that part of the

1  restriction to be changed, only that he be allowed to carry
2  it when he travels.
3          THE COURT:  All right.  Mr. Karbley, what is your
4  position or your office's position on -- and if you need
5  time to think about it and consult with your superiors,
6  that's fine -- on modifying a condition to allow Mr. Baker
7  to travel with a firearm?
8          PRETRIAL OFFICER KARBLEY:  I guess my question for
9  Mr. Baker would be where would he be storing the firearm and
10 keeping the firearm during travel?  And how could he ensure
11 that no firearm would not be on him with a potential
12 unannounced visit to his home or just a home visit in
13 general?
14         THE COURT:  Okay.  I'll tell you what, I want you
15 all to talk about this.  I'm not inclined to grant a motion
16 for modification for him to travel around the country with a
17 gun generally, based on the rulings that -- hold on one
18 second.
19         If you all could mute your phones, if you're not
20 speaking.  We're getting some feedback.
21         -- as well as for the reasons Officer Karbley just
22 mentioned.  But if you all want to modify the request and
23 let me know in clear terms what the position is of probation
24 down in Durham as well as in D.C., I will consider it as I
25 have in other cases in the past.  But on the present record,

```
 1      that modification has not been supported, all right?
 2                 So I will deny without prejudice the motion for
 3      reconsideration.
 4                 Anything else, Counsel?
 5                 MR. SHIPLEY:  Nothing for Mr. Baker, Your Honor.
 6                 THE COURT:  Mr. Dreher?
 7                 MR. DREHER:  Nothing from the government, Your
 8      Honor.
 9                 THE COURT:  Okay.  The Court will get out a
10      pretrial order, all right.  If there's nothing else, we will
11      stand in recess.
12                        (Whereupon the hearing was
13                         concluded at 2:21 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 24th day of July, 2024.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001