UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN BAKER,<br><br>       Defendant. | Case No. 1:24-CR-00121-CRC |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE**

James Lee Bright
Texas Bar No.: 24001786
3300 Oak Lawn Ave., Suite 700
Dallas, Texas 75219
Phone: (214) 720-7777
Email: JLBrightLaw@gmail.com

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

COMES NOW Defendant STEPHEN BAKER, by and through his Attorney

1

of Record, William L. Shipley and James Lee Bright, and respectfully submits this Reply Memorandum to the Government's Response to Defendant's Motion to Continue.

The Government's opposition – to a <u>SHORT</u> continuance -- relies on two essential points: that the United States election season and the outcome of what is already a hotly contested Presidential election, as well as the public discourse about that event and vast media commentary that has already begun and will continue unabated for the next three months, will have no effect on a potential jury pool; and that Defendant Baker is a violent lawbreaker who took part in the mob action of January 6th.

The Government cites *United States v. Webster* as posing the question that it claims is key to this issue -- "Can the District's potential jurors 'lay aside [their] impression or opinion' of [the defendant] or events on January 6th and 'render a verdict based on the evidence presented in court'?". The Circuit Court concluded, "the political inclinations of a populace writ large say nothing about an individual's ability to serve impartially in adjudicating the criminal conduct an individual." *United States v. Webster*, 102 F.4th 471 (D.C. Cir. 2024)(quoting *United States v. Nassif*, 628 F.Supp.3d 169, 187 (D.D.C. 2022)).

While that may be true as a general proposition, it ignores the central question posed by the request for a continuance – in the immediate aftermath of the next Presidential election, i.e., the following week, how likely is it that a pool of potential jurors in this District will be able to set aside the emotions of that moment and judge Mr. Baker's conduct from nearly four years earlier without

being influenced by what will have just taken place I the next election?  This motion does not turn upon considerations of any particular political bias – it is premised on the reality that jurors are emotional human beings influenced by events around them.  In early November 2024 those events will include the immediate aftermath of the next Presidential election when it was the events of the last Presidential election that produced the events of January 6th.

While the United States Attorney's Office is claiming in its opposition that jurors will not be influenced, it has claimed the exact opposite in other cases pending in this District.  In September of 2023, Special Counsel Jack Smith said that comments made by former President Trump "risk contaminating the jury pool for the charges he will face in a federal court in Washington, D.C."[1] This is the juror pool that Mr. Baker will face should he opt for a jury trial in this matter.  If former President Trump's commentary about the case pending against him is likely to prejudice the juror pool, then comments in the upcoming Presidential election by both sides cannot be denied to have a similar effect on the same juror pool.   It is disingenuous for the Department of Justice and its representatives to say that the political discourse over the next three months about the upcoming election will have no impact on the juror pool as it relates to Mr. Baker, while at the same time claiming that one of the candidates in the election must have his public comments limited out of fear that political discourse engage in by him will prejudice the juror pool against the Government

---

[1] https://www.pbs.org/newshour/politics/do-unbiased-jurors-exist-to-serve-at-trumps-2020-election-trials-in-the-age-of-social-media

in that case.

Jurors do not live in a vacuum. The Defendant's Motion for Continuance rests upon the less than revelatory observation that the upcoming general election campaign pitting the current Vice President against the former President will raise the political temperature of the country and leave one side or other disappointed in the immediate outcome – assuming that outcome is clear in the days immediately following November 5, 2024.

Delaying trial in this matter by just a few weeks will bypass the most highly charged period that will certainly follow in the immediate aftermath of the election.  Allowing emotions to settle before engaging in the voir dire process will assist both the parties and the Court in uncovering true prejudicial bias by allowing "biases of the moment" to pass.

The Government's opposition, in the second paragraph makes the factually inaccurate claim that the Defendant "knowingly joined a violent mob that overran the Capitol on Jan. 6, 2021." ECF 23.  This is the same trite mischaracterization that the Government has employed hundreds of time across the spectrum of nearly all prosecutions related to January 6 without regard to the particular facts of any individual case.

The Defendant is charged with four misdemeanors, none of which involve any element of violent conduct.  The characterization of the Defendant's actions in this fashion is nothing less than character assassination.  The Government's opposition does not expressly state the Defendant engaged in any such conduct, the "guilt by association" is very clear.  If the Defendant is dangerous, then the

4

Government should link that allegation to a basis to oppose the short continuance.

But any such effort would be contradicted by the fact that it took the Government 38 months to decide to charge Mr. Baker – and even then it charged him only with non-violent misdemeanors.  The Government knows the mischaracterization is false and intended to dishonestly portray him to the Court in order to influence the Court's ruling on this motion.

The Defendant is a journalist who was an observer of the January 6th events.  While the Government has made it very clear that they do not think that he is, by regulatory definition he certainly is.   The Government may not like the political orientation of the publications that print the Defendant's work, but that does not change the fact that he is a member of the media. The Code of Federal Regulations defines a member of the media as a:

> "Representative of the news media means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. In this clause, the term "news" means information that is about current events or that would be of current interest to the public. Examples of news media entities are television or radio stations broadcasting to the public at large and publishers of periodicals (but only if such entities qualify as disseminators of "news") who make their products available for purchase or subscription or by free distribution to the general public. These examples are not all-inclusive. Moreover, as methods of news delivery evolve (for example, the adoption of the electronic dissemination of newspapers through telecommunications services), such alternative media shall be considered to be news media entities. A freelance journalist shall be regarded as working for a news media entity if the journalist can demonstrate a solid basis for expecting publication through that entity, whether or not the journalist is actually employed by the entity. A publication contract would

present a solid basis for such an expectation. LSC may also consider the past

45 C.F.R. 1602.2.

The Defendant did not join a violent mob. He did what approximately sixty other journalists and photojournalists did on January 6 – he followed and documented an unfolded unpredictable story of extreme national interest.  He enter the Capitol through open doors.  When the Defendant was <u>first</u> told to exit the building he did so immediately.  This interaction is documented on CCTV.  Further, FBI agents sought and obtained authorization from the Department of Justice to conduct an interview in October 2021, a requirement under DOJ policies before a member of the press can be interviewed. While the Government, through inference, is suggesting the Defendant was just another rioter, that is patently false.

This case has been pending only 5 months.  The Government took more than two years to decide to even charge the Defendant, and when it did so it charged only misdemeanor offenses.   The country is in the heart of an election season at a time of extreme political divisions, which each side of the political divide expressing vitriol and anger towards the political opposition in a unique media environment.  Not only is the Defendant an observer of that environment like all Americans, he's also a participant as a member of the media who is continuing his reporting on both the events of the 2020 campaign and the events of the 2024 campaign.  The delay short delay being sought does not prejudice the Government in any meaningful way, as is apparent from the

6

substance of the Government's opposition.

WHEREFORE, for the reasons set forth above, Defendant respectfully requests the Court continue the currently scheduled Pretrial Conference date of October 6, 2024 and the Trial date of November 12, 2024, as well as any other dates in the scheduling order that would be effected by the continuance being sought.

Dated: August 7, 2024                    Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

/s/ James Lee Bright
James Lee Bright
Texas Bar No.: 24001786
3300 Oak Lawn Ave., Suite 700
Dallas, Texas 75219
Phone: (214) 720-7777
Email: JLBrightLaw@gmail.com